FILED
CLERK, U.S. DISTRICT COURT

JAN 31 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___vdr___ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRYSTAL PROPERTY MANAGEMENT, INC.,

    Plaintiff,

v.

BLAZE KASH,

    Defendants.

Case No. CV 20-00294-FMO (RAOx)

**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

## I.

## FACTUAL BACKGROUND

Plaintiff Crystal Property Management, Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Blaze Kash and Does 1 to 10 ("Defendants"). Notice of Removal ("Removal"), Dkt. No. 1; Answer to Notice of Removal and Attached Complaint ("Compl."), Dkt. No. 7. Defendants are allegedly occupants of real property located in Inglewood, California. Compl. ¶¶ 1-6. Plaintiff allegedly has an interest in the property as an "agent." *Id.* at ¶ 4. Plaintiff filed the unlawful detainer action seeking forfeiture of the rental agreement, monetary damages, reasonable attorney fees, and relief "as the [C]ourt deems just and proper." *Id.* at ¶ 17.

Defendant Kash filed a Notice of Removal on January 10, 2020, invoking the Court's federal question jurisdiction. Removal at 2-3. On January 22, 2020, Defendant filed a First Amended Notice of Removal containing an Answer to the Complaint, photographs, and reports, but does not present any argument. Dkt. No. 6. Additionally, on January 23, 2020, Defendant filed additional documents with the Court, including a letter, the state court Complaint, and additional reports. Dkt. No. 7.

Defendant Kash also filed a request to proceed without prepayment of fees or costs. Dkt. No. 2.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the

federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and the Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter under 28 U.S.C. § 1331. First, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant's contention that federal question jurisdiction exists based on an alleged violation of the "federal statute of frauds." Removal at 2-3. The statute of frauds is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987); *see Krakov v. Christie-Pequignot*, No. 2:17-cv-00899 (C.D. Cal. Feb. 3, 2017) (ordering remand where defendant sought removal of unlawful detainer action based on the statute of frauds and 18 U.S.C. § 1001). Thus, to the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of the statute of frauds, that defense does not provide a basis for federal question jurisdiction. *See id.*

Third, there is no merit to Defendant's contention that removal is appropriate based on an alleged violation of 18 U.S.C. § 1001. *See* Removal at 3. Section 1001

is a criminal statute, and "there is no private right of action under the federal criminal statute[] Defendant cites." *Deutsche Bank Nat'l Tr. Co. v. Galindo*, No. ED CV 10-01893-RGK, 2011 WL 662324, at *2 n.3 (C.D. Cal. Feb. 11, 2011) (citing *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n. 1 (S.D.N.Y.1985)). Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1441.

Finally, the Court notes that there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332. There is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff alleges that the amount demanded "does not exceed $10,000.00." *See* Compl. at 1. Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

///

///

///

///

///

///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's request to proceed without prepayment of fees or costs is DENIED as moot.

IT IS SO ORDERED.

DATED: January 31, 2020

　　　　　　　　　　　　／s／　　　　　　　　　　　　　　
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE